USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/3/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-against-

CURTIS DIMMIE,

                    Defendant.

No. 15 Cr. 5-3 (NSR)

ORDER

---

NELSON S. ROMÁN, United States District Judge:

On July 16, 2020, Defendant Curtis Dimmie moved for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(I), commonly referred to as compassionate release. (ECF No. 328.) On July 26, 2020, the Government opposed Defendant's motion. (ECF No. 332.) For a Court to grant compassionate release, it must find that (1) the defendant exhausted his/her administrative rights with the BOP, (2) "extraordinary and compelling reasons" warrant release, (3) the "extraordinary and compelling reasons" outweigh the sentencing factors set forth in 18 U.S.C. § 3553(a), and (4) the release is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A).

On July 31, 2020, the Court held a hearing on the matter and denied Defendant's motion. Specifically, the Court found the Defendant's medical condition(s), even if deemed an "extraordinary and compelling reason" warranting a reduced sentence, did not outweigh the 18 U.S.C. § 3553(a) factors.

On October 29, 2020, Defendant filed a motion for reconsideration. (ECF No. 347.) Defense Counsel indicates Defendant tested positive for COVID-19 on October 29, 2020 and was placed in isolation. (*Id.*) Defendant suffers from multiple health conditions including type II diabetes mellitus, severe obesity, hypertension, and chronic kidney disease (stage 3). (*Id.*) He is also fifty-two years old. Defense counsel asserts that these health conditions, coupled with

Defendant's COVID-19 diagnosis, and the fact that he has served more than two-thirds of his sentence, warrants compassionate release.

The Government opposes Defendant's motion. (ECF No. 349.) The Government indicates that Defendant's housing unit was possibly exposed to COVID-19 on October 19, 2020. (*Id.*) Following that exposure, Defendant was tested on October 20, 2020 and tested negative. (*Id.*) Defendant was again tested on October 29, 2020 and tested positive. (*Id.*) As of a November 1, 2020 screening, Defendant remains healthy and asymptomatic, two weeks after his likely exposure. (*Id.*)

In light of these facts, compassionate release must be denied. Based on his most recent medical records, Defendant remains healthy and asymptomatic. Defendant has not demonstrated that his current medical condition(s) are "extraordinary and compelling" circumstances warranting a reduced sentence. Notably, when considering the 18 U.S.C. § 3553(a) factors, Defendant's medical condition(s) do not outweigh such factors. Defendant has a lengthy criminal history that includes eight felony convictions. He is what can only be characterized as a career cocaine trafficker. Though Defendant has approximately one-third of his sentence remaining, there is a strong need for Defendant to serve the remainder of his sentence to reflect the seriousness of his crime, provide adequate deterrence, and protect the public.

For the forgoing reasons, Defendant's motion for reconsideration is DENIED. The Clerk of the Court is kindly directed to terminate the motion at ECF No. 347.

Dated: November 3, 2020         SO ORDERED.
       White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge